Ereedman, J.
action was brought upon an undertaking on arrest to recover special damages sustained by reason of the arrest. The action is not for false imprisonment, but substantially upon contract for the recovery of unliquidated damages. The cause of action, if any accrued upon the undertaking, was therefore capable of being assigned, and the plaintiff may maintain the action as assigned.
But the complaint further shows that the undertaking referred to was given by the defendants pursuant to the requirements of section 182 of the Code, which prescribes the form and effect thereof. Consequently the liability of the obligors named in the undertaking must be presumed to have been made to depend upon the recovery of a judgment in the action therein referred to by the obligees, and as the complaint now under examination does not aver such a recovery, but alleges a mere discontinuance of the action against *394 such obligees, it does not allege facts sufficient to constitute a cause action. In this respect the condition of an undertaking on arrest differs essentially from the condition of the undertaking required to be given on obtaining an injunction or an attachment (0ode, §§222, 230).
No judgment being pleaded, and there being, as I understand, no recovery of any such judgment in point of fact, and a cause of action founded exclusively upon false imprisonment not being assignable, the defendants are entitled to judgment upon their demurrer, for the reason, that the complaint does not state facts sufficient to constitute a cause of action.
Judgment accordingly, with costs.